*Cassidy v. New York State Insurance Fund*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of December, two thousand twenty-three.

PRESENT:
BARRINGTON D. PARKER,
ALISON J. NATHAN,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

Robert Craig Cassidy,

*Plaintiff-Appellant*,

v.

23-496-cv

New York State Insurance Fund, New York State Workers' Compensation Board, Honorable Letitia James, Attorney General of the State of New York, Brian M. Matula, Joseph Slater, Personally, Kelsey Lynn

**Raga, Personally, Freida Foster, Member of the New York State Workers' Compensation Board, Personally, Ellen O. Paprocki, Member of the New York State Workers' Compensation Board, Personally, Linda Hull, Member of the New York State Workers' Compensation Board, Personally, Frederick M. Ausill, Member of the New York State Workers' Compensation Board, Personally, Loren Lobban, Member of the New York State Workers' Compensation Board, Personally, Steven A. Crain, Member of the New York State Workers' Compensation Board, Personally, Mark R. Stasko, Member of the New York State Workers' Compensation Board, Personally, Samual G. Williams, Member of the New York State Workers' Compensation Board, Personally, Mark Higgins, Member of the New York State Workers' Compensation Board, Personally, Darlene Dorsett, Personally,[1]**

*Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**     ROBERT CRAIG CASSIDY, pro se, Rutland, VT.

---

[1] The Clerk of Court is directed to amend the caption of the case as set forth above.

**FOR DEFENDANTS-APPELLEES:**
ALEXANDRIA TWINEM, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 7, 2023, judgment of the district court is **AFFIRMED**.

Robert Cassidy, proceeding pro se, appeals a judgment granting the State Defendants' motion to dismiss his civil rights complaint. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The underlying lawsuit is Cassidy's second attempt in federal court to challenge a penalty imposed on him by the Workers' Compensation Board (WCB).

3

He sued the WCB, the New York State Insurance Fund (NYSIF), the Attorney General of New York, and various individual Defendants under 42 U.S.C. § 1983, raising claims under the Constitution's Bill of Attainder and Contracts Clauses. The district court dismissed the complaint as barred by Eleventh Amendment immunity and the statute of limitations, and because Cassidy otherwise failed to state a claim upon which relief could be granted. *See Cassidy v. N.Y. State Ins. Fund*, No. 21-cv-0521, 2023 WL 2388737, at *5–10 (N.D.N.Y. Mar. 7, 2023). Cassidy appealed.

We review pro se submissions with "special solicitude," liberally construing them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (cleaned up). However, pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires them "to provide the court with a clear statement of the issues on appeal" in their briefs. *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Therefore, we normally will not "decide issues that a party fails to raise in his . . . appellate brief." *Id.*; *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered

4

waived and normally will not be addressed on appeal.").

Although Cassidy's briefing is replete with accusations against Defendants and the court, he fails to challenge the basis for the underlying judgment in this appeal. Nowhere in his briefing does Cassidy explain how the district court erred in granting the motion to dismiss because he failed to state claims under the Bill of Attainder and Contracts Clauses. Instead, he raises arguments challenging this Court's affirmance of the district court's judgment from his *prior* appeal. *See Cassidy v. Rodriguez*, No. 21-2657, 2023 WL 408944 (2d Cir. Jan. 26, 2023). For that reason, Cassidy has failed to comply with Rule 28(a) and has abandoned his claims. We affirm on this basis. Even if Cassidy had not abandoned his arguments, we would affirm the dismissal on the merits for substantially the same reasons set forth in the district court's opinion.

We have considered Cassidy's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court